UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEE'ANGELO LAMAR GATHRITE,<br><br>Plaintiff,<br><br>v.<br><br>DOMINGUEZ, et al.,<br><br>Defendants. | Case No. 25-cv-02371-RMI<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**LEGAL STANDARDS**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although a complaint "does not need detailed factual allegations" in order to state a claim, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and

1  conclusions, and a formulaic recitation of the elements of a cause of action will not do . . .
2  [f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell*
3  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  A complaint must
4  proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.  The United
5  States Supreme Court has explained the "plausible on its face" standard of *Twombly* as follows:
6  "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by
7  factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should
8  assume their veracity and then determine whether they plausibly give rise to an entitlement to
9  relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

10        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1)
11  that a right secured by the Constitution or laws of the United States was violated, and (2) that the
12  alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*,
13  487 U.S. 42, 48 (1988).

## DISCUSSION

15        Plaintiff alleges that Defendants were deliberately indifferent to his serious mental health
16  needs.

17        The treatment a prisoner receives in prison and the conditions under which he is confined
18  are subject to scrutiny under the Eighth Amendment. *See Helling v. McKinney*, 509 U.S. 25, 31
19  (1993).  A mentally ill prisoner may establish unconstitutional treatment on behalf of prison
20  officials by showing that officials have been deliberately indifferent to his serious medical needs.
21  *See Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994); *see also Hoptowit v. Ray*, 682
22  F.2d 1237, 1253 (9th Cir. 1982) (mental health care requirements analyzed as part of general
23  health care requirements).  A serious medical need exists if the failure to treat a prisoner's
24  condition could result in further significant injury or the unnecessary and wanton infliction of
25  pain.  *Doty*, 37 F.3d at 546; *see*, *e.g.*, *Conn v. City of Reno*, 591 F.3d 1081, 1094-95 (9th Cir.
26  2010) (a heightened suicide risk or an attempted suicide is a serious medical need; reversing grant
27  of summary judgment where plaintiffs presented sufficient evidence for a jury to find that the
28  decedent's pre-suicidal actions objectively evidenced a serious medical need), *reinstated as*

1  *modified by* 658 F.3d 897 (9th Cir. 2011).

2      Plaintiff states that Defendant Dominguez ordered Defendants Busto and Camacho to put him in the shower on suicide watch, even though Plaintiff was not suicidal at that time. He was placed in the shower, but Busto and Camacho did not search the shower and left Plaintiff alone. Plaintiff found a ten-inch knife made out of a can that had been left in the shower. Plaintiff states that he has a long history of self-harm and suicide attempts and Defendants violated his rights by putting him in that situation. Liberally construed for purposes of screening, Plaintiff states a claims against these Defendants for demonstrating deliberate indifference to his serious mental health needs.

**CONCLUSION**

The Court orders that the following Defendants be served electronically at Salinas Valley State Prison: Sergeant Dominguez who was the D-Facility program sergeant and Correctional Officers Busto and Camacho, both who worked at the D-Facility EOP building.

Service on the listed Defendants will be effected via the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the Clerk is directed to serve on CDCR via email the following documents: the operative complaint (dkt. 1), this order of service, the notice of assignment of prisoner case to a United States magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form, a CDCR Report of E-Service Waiver form and a summons. The Clerk is also requested to serve a copy of this order on Plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the Court which Defendants listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which Defendants decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver and of the notice of assignment of prisoner case to a magistrate judge and accompanying magistrate judge jurisdiction consent or declination to consent form to the California Attorney General's Office, which, within 21 days, shall file with the court a waiver of service of process for the Defendants

3

1  who are waiving service and, within 28 days thereafter, shall file a magistrate judge jurisdiction
2  consent or declination to consent form as to the defendants who waived service.
3      Upon receipt of the CDCR Report of E-Service Waiver, the Clerk is requested to prepare
4  for each Defendant who has not waived service according to the CDCR Report of E-Service
5  Waiver a USM-285 Form.  The Clerk will provide to the USMS the completed USM-285 forms
6  and copies of this order, the summons and the operative complaint for service upon each
7  Defendant who has not waived service.  The Clerk will also provide to the USMS a copy of the
8  CDCR Report of E-Service Waiver.
9      In order to expedite the resolution of this case, the court orders as follows:
10     No later than **sixty days** from the date of service, Defendants shall file their motion for
11 summary judgment or other dispositive motion. The motion shall be supported by adequate factual
12 documentation and shall conform in all respects to Federal Rule of Civil Procedure 56 and shall
13 include as exhibits all records and incident reports stemming from the events at issue. If
14 Defendants are of the opinion that this case cannot be resolved by such a motion, they shall so
15 inform the court prior to the date that such motion is due.  Moreover, all papers filed with the court
16 shall be promptly served on Plaintiff.
17     At the time the dispositive motion is served, Defendants shall also serve, on a separate
18 paper, the appropriate notice or notices required by *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th
19 Cir. 1998) (*en banc*), and *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003); *see Woods v.*
20 *Carey*, 684 F.3d 934, 940-941 (9th Cir. 2012) (finding that *Rand* and *Wyatt* notices must be given
21 at the time motions for summary judgment or motion to dismiss for non-exhaustion are filed, not
22 earlier); *Rand*, 154 F.3d at 960 (establishing the separate paper requirement).
23     Plaintiff's opposition to the dispositive motion, if any, shall be filed with the court and
24 served upon Defendants no later than **thirty days** from the date the motion is served upon him.
25 Additionally, Plaintiff must read the attached page headed "NOTICE – WARNING," which is
26 provided to him pursuant to *Rand*, 154 F.3d at 953-954, and *Klingele v. Eikenberry*, 849 F.2d 409,
27 411-12 (9th Cir. 1988).
28

1   If Defendants file a motion for summary judgment claiming that Plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), Plaintiff should take note of the attached page headed "NOTICE – WARNING (EXHAUSTION)," which is provided to him as required by *Wyatt*, 315 F.3d at 1120 n.4.

If Defendants wish to file a reply brief, they shall do so no later than fifteen days after the opposition is served. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date. All communications by Plaintiff with the court must be served on Defendants, or Defendants' counsel, if and when counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

Finally, it is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: April 21, 2025

ROBERT M. ILLMAN
United States Magistrate Judge

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact-- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING (EXHAUSTION)**

If defendants file a motion for summary judgment for failure to exhaust, they are seeking to have your case dismissed. If the motion is granted it will end your case. You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies. Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions. If defendants file a motion for summary judgment for failure to exhaust and it is granted, your case will be dismissed and there will be no trial.