UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DEE'ANGELO LAMAR GATHRITE,
Plaintiff,
v.
DOMINGUEZ, et al.,
Defendants.

Case No. 25-cv-02371-RMI

**ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. No. 20

Now pending before the Court is Defendants' Motion for Summary Judgment (dkt. 20), seeking summary judgment in favor of Defendants Dominguez, Busto, and Camacho (as to Plaintiff's deliberate indifference to mental health needs claim) on the merits and on qualified immunity grounds. Plaintiff filed an opposition (dkt. 22) and Defendants filed a reply (dkts. 23). For the reasons stated below, Defendants' Motion is granted.

**BACKGROUND**

Plaintiff alleges that on August 29, 2024, Defendant Dominguez ordered Defendants Busto and Camacho to put him in the shower on suicide watch, even though Plaintiff was not suicidal at that time. (dkt. 1 at 2.) He was placed in the shower, but Busto and Camacho did not search the shower and left Plaintiff alone. (*Id*. at 3). Plaintiff found a ten-inch knife made out of a can that had been left in the shower. (*Id*.) Plaintiff states that he has a long history of self-harm and suicide attempts and Defendants violated his rights by putting him in that situation. (*Id*.) Plaintiff notified the control booth officer and told him about the knife, an alarm was activated, and approximately twenty staff members came to help him. (*Id*.)

**Undisputed Facts**

The salient facts are undisputed. Plaintiff has a history of suicidal ideation and self-harm. Def. Mot. (dkt. 20), Boiko Decl., Ex. A: Plaintiff's Deposition ("Pl. Depo.") at 183-84; dkt. 1 at 3. On August 29, 2024, the Health Care Correspondence and Appeals Branch contacted CDCR headquarters stating that Plaintiff stated suicidal ideation in a grievance. Borba Decl. ¶ 2. Due to

United States District Court
Northern District of California

concerns about the language used, CDCR headquarters alerted Defendant Dominguez, at Salinas Valley State Prison, and instructed him to provide Plaintiff a suicide evaluation by the Crisis Intervention Team ("CIT"). Domiguez Decl. ¶¶ 3-4; Borba Decl. ¶ 2, Ex. 2 at 1-6.

The CIT is an interdisciplinary team which includes mental health and medical staff, in consultation with a psychiatrist, that is trained to evaluate suicidal ideation. Dominguez Decl. ¶ 3. A prisoner does not have to say they are suicidal to trigger a CIT response. *Id*. When prison staff are informed or believe a CIT is necessary, they place the prisoner in a secure holding cell pending arrival of the CIT. Dominguez Decl. ¶ 3; Bustos Decl. ¶¶ 3,4; Borba Decl. ¶ 3. Plaintiff's housing unit at the time did not have holding cells that could fit large ADA equipment, like Plaintiff's walker. Dominguez Decl. ¶ 3. Prisoners in Plaintiff's building who needed a secure holding cell were routinely placed in the ADA shower, which could fit their ADA equipment. *Id*.

On August 29, 2024, Defendants Bustos and Camacho were instructed to place Plaintiff in the ADA shower pending evaluation by CIT. Camacho Decl. ¶ 3; Bustos Decl. ¶ 4. Upon arriving at Plaintiff's cell, he informed them multiple times that he was not suicidal. Pl. Depo. at 68-69. Neither Bustos nor Camacho had the authority to terminate the CIT process or determine that Plaintiff was not suicidal. Camacho Decl. ¶ 3; Bustos Decl. ¶ 3. Bustos took Plaintiff's shoes because the shoestrings could be a suicide risk. Pl. Depo. at 182. Plaintiff was taken to the ADA shower, but neither Bustos nor Camacho searched the shower. *Id*. at 183.

A hanging rod was in the shower and posed a danger to Plaintiff if he was suicidal. *Id*. at 183-84. Plaintiff did not attempt to use the hanging rod to injure himself. *Id*. at 183. After being placed in the shower, another prisoner brought Plaintiff a burrito and a cold soda. Pl. Depo. at 79-80. Plaintiff used the soda can to make a weapon. *Id*. at 83. Neither Bustos nor Camacho saw Plaintiff receive the food or can and they did not see him make a weapon. Pl. Depo. at 185.

Plaintiff was upset because he was unable to attend the library or mental health programs. *Id*. at 176-77. Plaintiff realized that if an alarm was triggered, prison staff would respond, and he could be removed from the shower and go to programs or the law library. *Id*. at 124-25.

Plaintiff alerted the control booth officer that he was going to kill himself with the weapon. *Id*. at 84-85, 177. The officer activated his alarm to summon medical and correctional staff. *Id*. at

85-87. Within five minutes, approximately thirty staff members responded. *Id*. at 124-25. Plaintiff spoke with his clinician, went to the clinic to get medication, and was allowed to go to the yard. *Id*. at 98. Plaintiff did not self-harm during this incident. *Id*. at 126.

**LEGAL STANDARD**

Summary judgment on a claim or defense is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To prevail, a party moving for summary judgment must show the absence of a genuine issue of material fact with respect to an essential element of the nonmoving party's claim, or to a defense on which the nonmoving party will bear the burden of persuasion at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this showing, the burden then shifts to the party opposing summary judgment to identify "specific facts showing there is a genuine issue for trial." *Id*. The party opposing summary judgment must then present affirmative evidence from which a jury could return a verdict in that party's favor. *Anderson v. Liberty Lobby*, 477 U.S. 242, 257 (1986).

On summary judgment, a court will draw all reasonable factual inferences in favor of the nonmovant. *Id*. at 255. In deciding summary judgment motions, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Id*. However, conclusory or speculative testimony or allegations do not raise genuine issues of fact and are insufficient to defeat summary judgment. *See e.g., Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979).

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (*en banc*). A determination of a "deliberate indifference" claim involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *Id.* at 1059.

A serious medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* "A heightened

suicide risk or an attempted suicide risk is a serious medical need." *Conn v. City of Reno*, 591 F.3d 1081, 1095 (9th Cir. 2010), *vacated*, 563 U.S. 915 (2011), *opinion reinstated in relevant part*, 658 F.3d 897 (9th Cir. 2011).

A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The prison official must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but "must also draw the inference." *Id.* If a prison official should have been aware of the risk, but did not actually know, the official has not violated the Eighth Amendment, no matter how severe the risk. *Gibson v. County of Washoe*, 290 F.3d 1175, 1188 (9th Cir. 2002).

**DISCUSSION**

There are no disputed facts in this case. Defendants have met their burden in showing the absence of a genuine issue of material fact related to Plaintiff's escort and stay in the shower while awaiting mental health assessment and treatment. Plaintiff has not met his burden of demonstrating that there is a genuine issue for trial.

Defendants first argue that there is no evidence that during their interaction with Plaintiff their failure to observe and remove the knife from him could have resulted in significant injury. Defendants contend that Plaintiff was not at a heightened risk of suicide during this incident. It is undisputed that Plaintiff informed Defendants several times that he was not suicidal. Plaintiff stated that for most of his time in the shower, he was not suicidal. Pl. Depo. at 176-77. He stated that he was only suicidal for about five minutes. *Id*. at 177. Plaintiff also stated that he was upset because he was unable to attend the library or mental health programs and he realized that if an alarm was triggered, prison staff would respond, and he could be removed from the shower and go to programs or the law library. *Id*. at 124-25, 176-77. It is also undisputed that there was no injury. He informed the control booth officer he was at risk and staff immediately responded.

Plaintiff does not generally refute these arguments. However, the Court must draw all reasonable factual inferences in favor of Plaintiff as the nonmoving party and finds that there are disputed facts regarding if Plaintiff was at risk for significant injury. Yet even assuming that

Plaintiff was at a heightened risk of suicide, Defendants are still entitled to summary judgment because the undisputed evidence shows that they did not know that Plaintiff faced a substantial risk of serious harm and that they disregarded that risk.

It is undisputed that Defendants did not search the shower upon placing Plaintiff there. Yet, if they had searched the shower, they would not have found the can that was made into a weapon, because it has not yet been brought to that location. Defendants cannot be liable for a can that was not there when they arrived. It is also undisputed that Defendants removed Plaintiff's shoelaces so he could not use them to harm himself.

It is undisputed that the can was brought to Plaintiff with food after Defendants left the area. There is no evidence or even allegations that Defendants observed Plaintiff obtain the can or saw him make a weapon with it. Plaintiff only argues that Defendants are liable because he was left unattended in the shower, while on suicide watch, even though he concedes he was not suicidal for most of the incident. Pl. Depo. at 176-77; dkt. 22 at 2.

Under the subjective prong for a claim of deliberate indifference, prison officials must subjectively act with a "sufficiently culpable state of mind" and "[t]he plaintiff must show the defendant's response to the need was deliberately indifferent." *Farmer*, 511 U.S. at 837; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). A defendant acts with deliberate indifference if they knew that a prisoner faced a substantial risk of serious harm and they disregarded that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The second prong is satisfied by a plaintiff showing (1) a purposeful act or failure to respond to his serious medical need and; (2) harm caused by the indifference. *Jett*, 439 F.3d at 1096.

The undisputed facts in this case do not meet this threshold to present an Eighth Amendment claim. It is undisputed that Defendants were not aware of the can and the potential danger to Plaintiff. Once prison staff because aware of the weapon, numerous staff members arrived within minutes to aid Plaintiff. There is no evidence or allegations to show that Defendants acted with a culpable state of mind. While they could have been negligent in failing to search the shower or leaving Plaintiff unattended, negligence is insufficient to state a federal claim for deliberate indifference to medical needs. *See Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir.

2004). Even if Defendants should have known that there was a risk in leaving Plaintiff unattended, but they did not actually know that information, there is no claim no matter how severe the risk. *See Gibson*, 290 F.3d at 1188.

In *Moore v. Stolsig*, No. 21-1019 EJD, 2024 WL 1293874 (N.D. Cal. Mar. 26, 2024), the District Court found that the defendants were entitled to summary judgment with respect to the plaintiff's Eighth Amendment claim that the denial of requests for mental health services led to his suicide attempt. *Id*. at *9-10. The Court found that the plaintiff was unable to show that the defendants knew of and ignored his risk of suicide. *Id*. at 10. The Ninth Circuit affirmed the grant of summary judgment to the defendants finding that at most, prison officials were aware of suicidal ideation but not a suicide plan, and this failed to demonstrate deliberate indifference. *Moore v. Dunlap*, No. 24-2704, 2026 WL 184223, at *1 (9th Cir. 2026). The Ninth Circuit also noted that the defendants' failure to provide proper care, even if it rose to the level of gross negligence, was insufficient to state an Eighth Amendment claim. *Id*.

Similar to *Moore*, Defendants in this case were not aware of the can and the risk of the makeshift weapon and Plaintiff conceded that he was not suicidal for most of the incident. For all these reasons, Defendants were not deliberately indifferent to Plaintiff's medical needs and are entitled to summary judgment.[1]

**Qualified Immunity**

The defense of qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The rule of "qualified immunity protects 'all but the plainly incompetent or those who knowingly violate the law.'" *Saucier v. Katz*, 533 U.S. 194, 202 (2001) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Defendants can have a reasonable, but mistaken, belief about the facts or about what the law requires in any given situation. *Id*. at 205. A court considering a

[1] While not in the complaint, Plaintiff now states that there was also a metal rod hanging in the shower that could have been used as a weapon. (dkt. 22 at 2.) This is not part of this action, and regardless, Plaintiff's brief conclusory allegations are insufficient to counter summary judgment.

claim of qualified immunity must determine whether the plaintiff has alleged the deprivation of an actual constitutional right and whether such right was clearly established such that it would be clear to a reasonable officer that his conduct was unlawful. *See Pearson v. Callahan*, 555 U.S. 223, 236 (2009) (overruling the sequence of the two-part test that required determining a deprivation first and then deciding whether such right was clearly established, as required by *Saucier*). The court may exercise its discretion in deciding which prong to address first, in light of the particular circumstances of each case. *Pearson*, 555 U.S. at 236.

A right is clearly established if it was "sufficiently clear [at the time of the conduct at issue] that every reasonable official would have understood that what he is doing violates that right." *Taylor v. Barkes*, 575 U.S. 822, 825 (2015). The Supreme Court has repeatedly cautioned that courts should not define clearly established law at a high level of generality. *See White v. Pauly*, 58 U.S. 73, 79 (2017) (per curiam); *see, e.g.*, *Kisela v. Hughes*, 584 U.S. 100, 104–08 (2018) (per curiam) (officer entitled to qualified immunity for shooting a woman armed with a large knife within striking distance of her housemate and ignored orders to drop the weapon).

The Court has not found a constitutional violation. Even if there was a constitutional violation, it would not be clear to reasonable correctional officers that leaving Plaintiff unattended in the designated suicide prevention area after he repeatedly stated that he was not suicidal, and after taking his shoelaces, would be unlawful. Defendants are entitled to qualified immunity.

**CONCLUSION**

For the reasons stated herein, Defendants' Motion for Summary Judgment (dkt. 20) is **GRANTED**. A separate judgment shall issue and the Clerk is requested to close this case.

**IT IS SO ORDERED.**

Dated: July 16, 2026

ROBERT M. ILLMAN
United States Magistrate Judge